UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE ESTATE OF MICHAEL L. GORRELL, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | CAUSE NO. 1:10-CV-388 |
| ) | |
| AMERICAN HEALTHWAYS ) | |
| SERVICES, INC. f/k/a DIABETES ) | |
| TREATMENT CENTERS OF ) | |
| AMERICA, INC., and MEDTRONIC, INC., ) | |
| ) | |
|     **Defendant.** ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant American Healthways Services based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 2.) The Defendant's allegations, however, are inadequate to establish this Court's diversity jurisdiction.

American Healthways first alleges that: "The Estate of Michael L. Gorrell was opened in Allen County, Indiana, and was formed under Indiana law thereby rendering the Estate an Indiana citizen for purposes of the wrongful death action." (Notice of Removal ¶ 3.) 28 U.S.C. § 1332(c)(2) provides, however, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." *See Federated Ins. Co. v. Estate of Hale*, No. 1:05-CV-0392-DFH-TAB, 2005 WL 670471, at *1 (S.D. Ind. Mar. 22, 2005) (stating that the citizenship of an estate is that of the decedent at the time of death). Accordingly, American Healthways must amend its Notice of Removal to establish the citizenship of the Plaintiff.

Additionally, the Notice of Removal does not address the citizenship of Defendant

Medtronic, who has yet to be served in the underlying state court action. (Notice of Removal ¶ 6.) Although American Healthways is correct that the "non-service exception" allows removal of the case even if Medtronic does not join in the removal petition, *see Sidertis v. State of Indiana*, 830 F. Supp. 1156, 1159 (N.D. Ind. 1993), American Healthways must still establish the citizenship of Medtronic to ensure that complete diversity of citizenship exists.[1] *See generally Andreshak v. Service Heat Treating, Inc.*, 439 F. Supp. 2d 898 (E.D. Wis. 2006) (requiring complete diversity of citizenship even where defendant not named on removal petition because of non-service exception).

Therefore, Defendant American Healthways Services is ORDERED to file an amended Notice of Removal forthwith, alleging on personal knowledge the citizenship of the Plaintiff and Defendant Medtronic, Inc.

SO ORDERED.

Enter for November 4, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).